Thank you, Your Honor. Good morning, Your Honors. May it please the Court, I'm Mark Roach of Baker & McKenzie. We represent the petitioner, Mr. Eric Knapp. With permission, Your Honor, I would like to reserve three minutes for rebuttal. And with my remaining time, I'd like to address with the Court two issues. First, on receipt of Mr. Knapp's prison grievance, the guard turned to him and said, okay, you want to play? We can play. That's a threat. And in the Ninth Circuit, that's First Amendment retaliation. But defendants seek to prevent Mr. Knapp from pursuing that and similar claims on the ground that he is a three-striker under the Prison Litigation Reform Act, the PLRA. As evidence of this, they point to dismissals under a form-based rule, Rule 8. Dismissals under Rule 8 that are not accompanied by a finding that the action is frivolous, malicious, or fails to state a claim cannot constitute strikes for purposes of the PLRA. And I'll address that issue first. Our position is fairly simple. The merits matter. Now, the defendants refer the Court's attention to Andrews v. Cervantes for the proposition that the three-strikes rule is a screening device that does not judge the merits of the prisoner's lawsuits. That's an accurate quote. But it is misleading to suggest that strikes are not tethered to whether the complaint has merit. Sotomayor, let me ask you this. In your brief, you spent a lot of time talking about whether a strike under Rule — whether a dismissal under Rule 8 could per se be a strike, and you argue that it couldn't because there are the different prongs of Rule 8. It could be a strike for jurisdictional matters or whatever. Let's say, assume for present purposes that we agreed with that that's not per se a strike. I guess my concern, and I think you spent less time in your briefs on this, is under the facts of a particular case, could a Rule 8 dismissal, as in this case, be a strike? So there was evidence in all of these prior cases that Mr. Knapp had multiple opportunities to bring a complaint that the Court thought was intelligible, and the Court thought he's never done it intelligibly, and now we're going to dismiss it with prejudice. So why shouldn't we deem that to be a strike under those particular circumstances? Sure. And I'll just — the first question with respect to can a Rule 8 dismissal ever constitute a strike? And I think the answer is yes, we would agree with that. If the judge makes a finding on one of the three enumerated bases that the action is frivolous, malicious, or fails to state a claim. Well, he doesn't have to use a specific word, does he? No, that's correct. This is a malicious action, and therefore. No, that's correct, Your Honor. We're not — to be clear, we're not making a magic words argument that, you know, the Court said meritless, but the PLRA speaks in terms of frivolousness. We're just saying, consistent with this Court's holding in Andrews v. King, that the Court doesn't just look at the order, but it looks behind it to the facts and circumstances to see whether the district court based its dismissal on the fact that the complaint was one of those three things. But what if he says, you know, you've given me this impenetrable pleading of all kinds of stuff, and it's just impossible to find out whether you've stated a cause of action or not, basically, it's such a mess, and I've told you and I've told you and I've told you, and you keep — and you keep just coming back with the same impenetrable pleading. Yeah. I mean, that — he doesn't say you're malicious, he doesn't say you're frivolous, but one might think that has something to do with it. So — so it's — Your Honor raises an important point, I guess two points, frankly. First, when we look at the Court's en banc holding in Lopez, the Court addressed a similar concern that Your Honor raises. Mr. Knapp is a prison litigant. There is no — you're correct, Your Honor — the Court gave him opportunities to amend his pleadings. He didn't do nothing in response to that. He tried. He did make changes. He did try to break out the claims. Was he successful? He was not. I think as this case shows, he has gotten better over time at complying with the standard under Rule 8. But what the government would have — or I'm sorry, what the defendants would have this Court do is penalize an individual where his failures under Rule 8 are not an intentional or malicious, as Your Honor suggested, but it's simply an inability to satisfy the foreign pleading standard that Rule 8 prescribes. But to address the other question, can a decision, a dismissal that is based on a concession that we cannot reach the merits of this action, in other words, is it meritorious or not, I don't know. Our position is no, that cannot — that cannot constitute a strike under the PLRA. My question wasn't meritorious. 12b-6, if you will, which is a — which at least we have to admit is a — is a standard, right? Absolutely, Your Honor. I mean, even if it's not frivolous, 12b-6 has something to do with merits, I believe. That's correct, Your Honor. So? But you can't — you just said a second ago, but you can't consider whether it's meritorious. No, I guess — And the question is, 12b-6 is a meritorious question, is it not? It is, Your Honor. And 12b-6, as the Supreme Court said in Knightsey v. Williams, assumes that the factual assertions are true and then determines as a matter of controlling law that there is no — there is no relief that can be granted. And the PLRA provision tracks the language there. So the Seventh Circuit — let me — let me just jump in for a moment. The Seventh Circuit, although ultimately seeming to — in Paul, seemingly to decide on a magic word, the district court had to use those words, but along the way, it said where the plaintiff continues to file incomprehensible complaints, one can infer that or one could say they've just failed to state a claim because we can't discern what the claim is. Now, how would — is that applicable here? Should we — why shouldn't we adopt that sort of approach to a series of incomprehensible complaints? Because that's not what the PLRA's three-strike provision was designed to do. As this Court has made clear, it is the merits do matter. If the Court can't address the merits because the form of the brief is 150 pages long and impregnable, then it can't make a determination whether the individual has a meritorious claim. But I guess more to the point, the — Well, is the Court obliged to do it? I think one — one of the judges along the way in one of these three cases said, we can't ferret out whether there's anything in this complaint that might support a 1983 claim. Isn't that a valid concern for a district court? What are you saying the district court should do in that situation? The district court has discretion, Your Honor. The three — the PLRA's three-strikes provision doesn't solve all litigation woes. If the district court determines that this individual — and this is not that case, but if the district court says this individual has a pattern and practice of abusing the IFP privilege, then they have, as a matter of their discretion, the ability to simply say, you may not have three strikes. No — you know, we see no dismissals that constitute strikes. We're denying you IFP status because, based on our analysis of your history, we think that abusive. The Court has that power. The three-strikes bar is — coming back to Cervantes for a second, what Cervantes says is, I may have the most egregious First Amendment violation in the world. If on three prior occasions I have accrued a strike, I am not going to proceed in form of paporus. And for a lot of prison litigants, that's going to represent an insurmountable hurdle to vindicating that constitutional right. And that's why the PLRA is designed specifically to address claims where the courts can perceive that there is no merit to the action. Well, what's the effect of our — the motions panel, the two-judge order in Arlitz, which looked at these very cases that are considered three-strike — three-strikes by the district court, or by the — Sure. What the State is alleging are three-strikes. And in Arlitz, we looked at them and we said, yes, those are — each of those are strikes. So what's the effect of that? To be candid, none, Your Honor, none. Respectfully, we disagree with that finding. The order in Arlitz did not make clear on what cases the Court was referring. I mean, we're happy to walk through the cases in this case that are relied upon by defense, but there's no precedential value to that order. It was not published. And so we would obviously contend that we think it was a wrong determination. But there's no — Is there a collateral effect, though, like an issue preclusion, the same parties  No, there's not, Your Honor, because there's no — What is that? I believe that in that case the parties are different. They may be represented by the Attorney General's office, but it is different parties there. So there's no — nor is it a final determination, so there's no res judicata collateral estoppel-type effect to that order. I gather from your argument that it is making a difference in your view that the record is clear, that the facts are not disputed, that we know what the offenses were, that the court on appeal know what the offenses are and can decide, I suppose, unless you tell me there's something I missed, whether there was a strike or whether there wasn't, based on what the record shows. I want to make sure I understand Your Honor's question, that we can discern Is there a dispute about what he did and who did it? On this particular — I'm sorry, just to make sure — on the action, the district court proceedings below as to what the claims were? I'm sorry. I want to make sure I'm answering your question. Breyer. The only way you get a strike is because you've committed an offense. Isn't that true? The only way you get a strike is if you've determined — if the district court has reached a dismissal on the basis that the action that you have brought is frivolous, malicious, or fails to state a claim. And I don't think that there is dispute here about what the district court said and did. And I think that that informs the — that has to inform whether or not the dismissals are based upon — It has to inform it if we agree. We have the ability, and I'm asking you, and that's the question I'm asking you, do we have the ability to look ourselves to see whether the offense was a strike, or are we limited in your view to what the district court said? And I gather your argument is we're limited to what the district court said. That's correct, Your Honor. And I would refer the Court to Andrews v. King. Andrews v. King adopts essentially a two-step approach. I don't know what the cases say. And we would agree with that. I mean, I certainly don't suggest that the Court — again, this isn't a magic words or a gotcha-type argument. The district court absolutely would look past the order to the findings and recommendations and any other fact. But it is for this Court and the district courts similarly situated to determine why did the district court — what did the court base its dismissal on, not an independent assessment of, you know, what do we think of the merits. That would be sort of a new step that, I think, frankly, would turn the efficiency approach to the PLRA entirely on its head. Kagan. Let's go to another question. It's a little off what we're talking about now. Sure. Assuming horror of horrors, we disagreed with you and decided that there were three strikes, besides saying we should go get counseling, what do you think we should What is your view of what the Court should then do, this Court should then do? Well, I think — I think the proper recourse under the law is that the motion to dismiss, that is a basis for a motion to dismiss. Mr. Knapp would have to pay the filing fee to continue the action, Your Honors. We should do what? What should our order be? If the Court — if the Court were to agree that he has three strikes, then I think this — this court's law would suggest that the motion to dismiss should be granted pending the payment of the filing fee. If he pays the filing fee, he would be entitled to continue, Your Honors. But I realize my time is getting short, so I did want to return, Your Honors, to the issue of the merits. Again, when Mr. Knapp handed his prison grievance to the guard, the guard's statements were clear. Okay, you want to play, we can play. That — those eight words appear on the face of the complaint. Those eight words are designed solely to intimidate and to threaten and to chill the person's exercise of their First Amendment rights. And under this Court's case law, that is textbook First Amendment retaliation. Brodheim v. Cry is not simply instructive on this point. This case is, for all intents and purposes, Brodheim v. Cry. In the absence of the district court making a clear finding, whether in the precise words of the PLRA or in form, that this action was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim, I don't think the court can find strikes that should bar Mr. Knapp from proceeding to vindicate that right. I see my time is short, Your Honors, so I'm going to reserve the rest unless the Court has questions. All right. Thank you. My name is Jamie Ganson. I represent the 63 state defendants on appeal. With me, I have counsel for Defendant Whittle, Peter Zyloth, and counsel for Defendant White, Damon Thurston, who we'd like to reserve one minute at the end to address any arguments. This case involves the very type of abusive litigation that the Prison Litigation Reform Act aims to curb, and if Mr. Knapp is to be believed, massive campaigns of retaliation have been lodged against him at numerous prisons because his mother advocates for prisoners. In this action, he complains about the conditions of confinement at Mule Creek State Prison, where he apparently took issue with every action adverse to him, suing over 70 people for 90 perceived retaliatory acts. He meticulously recorded each perceived adverse action and then made a Federal case out of it. And on appeal, Mr. Knapp again takes issue, this time with every district court ruling that was adverse to him. The grovelment of his informal brief is that the district court got nothing right at all. Isn't the problem that the district court, in the three prior cases, with one exception that I'll raise later, didn't dismiss on the ground that the action was frivolous, malicious, or fails to state a claim. They expressly dismissed on the ground that there was a Rule 8 or analogous rule form violations. So if you compare the rulings of the district courts with the language of 1915g, it doesn't seem to match. I disagree, Your Honor. Can you point me to the word frivolous, malicious, or failed to state a claim in these determinations or dismissals by the district court? Yes, I can, Your Honor. First of all, I'd like to point out that Knowles, the appellate court case, Knowles 2, and Harrison 2, both appellate court cases, were dismissed as frivolous. Okay, so I see with Knowles v. Harrison, there's the language that the district court finds the proposed appeal from the judgment as frivolous. And it does use the word frivolous in that determination. But you're saying that in the record in Knowles, in one of the Knowles decisions, the district court says this is dismissed as frivolous? Can you point me to that? Yes, Your Honor. In Knowles 3, I believe, this is the strongest example. And there the court did use a lot of examples rather than using any magic words that you discussed earlier, which are not necessary. But one thing the court did at this Court's docket 70-2 at page 49, the order gave an express example of a claim that it said appeared to be patently frivolous. Is that in the excerpt of records or in the discipline manual? It's in the discipline manual, Your Honor. And it clearly states the court found the request for judicial notice, accompanying the supplemental answering brief. So it's Court Record 70-2 at page 49. And there the court went through, also, that a lot of the allegations failed to state a claim. Could you read the language? Because I don't have, I'm not sure which of these documents that I have. Sure, Your Honor. What is the number, what is the number of that case, is that dash 394 or dash 453? Dash 453, Your Honor. I apologize because I only have the citation with me to our judicial notice. But what the order does say, and I'm going to back up a little bit. What is the date of the order? One moment, Your Honor. I believe it was June 17th. I have a May 11th, 2007, and a June 23rd, 2006. However, if you give me one moment, I can. June 17th was? So it looks like this order, oh, I have May, I believe it was the May 11th, 2007. Okay. So that order begins by first describing numerous allegations that failed to state a claim and that also would qualify as frivolous and malicious. It states that plaintiff continued to bring the action as a class action, notwithstanding prior orders telling him that as a non-lawyer he could not do so. It also states that he insisted on bringing claims on behalf of third parties, despite being expressly informed that he could not do so. It explains that he complained about a vast litany of discomforts and inconveniences, including the visiting room temperature, his mother not being reimbursed for vending machine food. And when it concludes the paragraph with numerous examples of allegations that failed to state a claim, it says all of these allegations were provided without an adequate factual predicate and without demonstrating any of these actions. That is, for those for which he might have standing constitute a constitutional deprivation. That is failure to state a claim. In the very next line, the order states an example of a patently frivolous claim. And it quotes from his complaint where he seeks to hold 26 defendants liable for jointly causing a prison staff person to refuse to provide a pencil and a sheet of paper to his fiance and him. And the court concludes it is fruitless and counterproductive to attempt to implicate wholly unrelated individuals in conduct apparently engaged in by one individual, particularly conduct which on the face of it does not rise to the level of a constitutional deprivation. What about on page eight? I guess this is the one I was thinking of where he says, some of plaintiff's claims in his long and rambling series of disjointed allegations may be cognizable under 1983, but it's not the function of the court to attempt to ferret them out. So suggesting that although some of the claims are not meritorious, some may be, and then the court, instead of dismissing for presumably because of a concern that there may be some claims in there, dismisses on the failure to comply with rule eight. I have two responses to that, Your Honor. The first being that if the claims are so vague and incomprehensible that the neutral court cannot tell whether the allegations state a claim, he clearly has not stated a claim. And even the language of rule eight directs that to state a claim, there must be a shortened plain statement of the claim. There's a reason for this rule. It's to give fair notice of the claims to the defendants and the court so that this action can be litigated. That, Mr. Knapp did not do. Now, my second argument is that if you look to later in the decision, the court does talk about an allegation that comes closest to stating a claim and indicates that even there, he doesn't set forth circumstances with enough specificity or link the allegations to the defendants. So I think the court's language at page eight that you discussed was showing that it's vague and it's difficult to figure out here. But if you look at the whole of the decision, it's saying that even when he perhaps could state a claim, his allegations aren't enough to do so. And that is failure to state a claim. Again, only one of the three district court decisions would need to be declared a strike to have Knapp declared a three striker as the two appellate decisions that were dismissed as frivolous clearly qualify him. Knapp versus Harrison, also referred to as Harrison 1 in the briefing, also has the same sort of language, less detail and examples. But again, the court there says that he has a general litany of alleged violations without specifically tying the events to legal claims and merely provides a laundry list of defendants without specifically stating how its defendant caused the alleged violation. What order are you, is this the 7702? This is the 7702. Which order are you looking at? I am looking, and I can tell you our site, to the request for judicial notice 70-2, it was at page 71 and 72. Which looks like, I'm sorry, this is the June 24th, 2008, R&R. Correct, Your Honor, which was adopted in full. So I think there's a real issue here with how plaintiff has construed these opinions, saying that they don't indicate that these actions were frivolous or failed to state a claim. And as this court seemingly acknowledged in the Arlitz opinion, which again was vague and said that Mr. Knapp had three strikes. But even if that is vague and we don't know exactly what those strikes are, it still would qualify as three strikes for this action. So if I understand you correctly, is your argument that although the specific ground, the expressed ground that the district court used to dismiss the claim was Rule 8, when you read the order as a whole, the district court was concerned about the failure of the plaintiff, Mr. Knapp, to comprehensively state a claim. And we should say that that is failure to state a claim. It meets that element of 1915g. Yes, Your Honor. I think the law of this circuit is clear that we look to the substance of a dismissal. Not how the court styles a dismissal to determine whether a strike incurs. And that's clear in Andrews v. King, in O'Neill v. Price. Again, when the action would have proceeded but for the court's determination that the complaint is frivolous, malicious, or failed to state a claim, a strike issues. Here the court gave numerous examples in Knowles 3 showing that the reason for the dismissal was there were frivolous claims, the claims failed to state a claim. And 1915g does not exclude dismissals under Rule 8. It doesn't say that the dismissal has to be effected under any specific rule. It directs that you look to the reason for the dismissal, which is what defendants have done here. The Seventh Circuit in the Paul case suggested that the district court has to actually make that the ground of dismissal and be express about it. Other circuits have held that, Your Honor, however, the Ninth Circuit has never required that. And in plenty of decisions, the courts in the Ninth Circuit have dismissed claims, have considered a strike's claims that didn't expressly say as much. And other circuits have, too, as addressed in the 28J letter filed by defendants. Both the District, DC Circuit, and Fourth Circuit have found that, again, it's the substance of the dismissal, and it doesn't look to that sort of information. If a district court dismisses a claim on a ground like Rule 8, which is not listed in 1915g, and your recommendation is that the court should look to the order as a whole or the circumstances as a whole, what test would we use for determining frivolous, malicious, failed-to-state-a-claim? I think in Andrews, we gave some definitions of that. The opposing counsel says this wasn't malicious because there's no evidence of intent to harm. The court, at least one of them, said, well, there may be a claim lurking around in here somewhere, but I'm not going to ferret it out. I would first point out that Section 1915g does not list any specific grounds, 12b6 or otherwise, as counting as a dismissal. That would have to qualify for the statute. So Rule 8 is no different. Rule 8 and 12b6, which clearly qualifies as a dismissal under 1915g, are ends of the same continuum. Rule 8 tells what the pleading standards are for stating a claim, and Rule 12b6 allows the defense of failure to state a claim to be raised in motion. So there's really no difference in the standards here. It's drawing an artificial line when none exists. What the PLA LRA does do is directs us to look at the district court decision, and looking at the district court decision in Knowles 3, even if it doesn't expressly say fails to state a claim with those magic words, it does say that the claims alleged do not rise to the level of a constitutional violation. It points out numerous deficiencies in failure to link defendants. Again, Ashcross v. Iqbal, Twombly v. Bell-Alanek show that these things fail to state a claim. In addition to that, these claims could easily be qualified as frivolous or malicious because he continues bringing claims that the court has told him he cannot bring. They fail to state a claim. They have no basis in law for him to think he can bring claims as a class actioner on third parties, and he kept insisting on doing so. That is evidence of malice, and as the district court in Knapp v. Arlitz, which presumably is what this court relied on in deeming him a three-striker, they looked at these three district court cases at issue here, and they found that they were frivolous and malicious based on the fact that he kept getting warnings and kept doing the same conduct. If we disagreed with you on this, would we have to reach the merits, or what would be the next step? Your Honor, if you disagreed, the proper response would be to — Your Honor, I'm out of my time. Would you mind if I finished and leave a minute? You have 57 seconds. Oh. Counsel, please finish the question. Thank you. I don't want to take over his time. I'm sorry. Could you repeat the question now? The correct — what would we do if we disagreed with — that there were three strikes? If you disagree that there were three strikes, I believe you go to the merits, and based on the merits, I think it's fair to dismiss this or affirm the district court judgment below because Knapp's briefing wasn't sufficient to raise a claim of error, and even where — even if the court were to find he did so, many of those errors are affirmable on other grounds. He simply did not designate any error that was reversible. Okay. Thank you. We'll give a minute to the other counsel. Thank you, Your Honors. Good morning, Your Honors. My name is Damon Thurston. I represent the former Inspector General of California, Steve White. The claims by Mr. Knapp against Mr. White were dismissed on a 12b6 motion at the outset of the case. The complaint, although it alleges a litany of retaliatory acts by correctional officers, does not allege any specific conduct by Mr. White that would link his acts to the retaliatory acts by the correctional officers. Also the complaint doesn't set forth any authority for the proposition that the Inspector General of California can control or compel any conduct by correctional officers. There's no real substantive argument in appellant's opening brief as to his claims against Mr. White, and there were no arguments raised in the reply brief regarding the claims as to Mr. White. So — and these PLRA arguments don't touch any aspect of that ruling on the 12b6 motion, so we essentially submit on the papers and ask that this Court affirm the judgment of the district court as to Mr. White. Thank you. McHenry. Your Honors, I'd like to just make two quick points. First, as Your Honor noted, the district courts here disavowed the ability to reach the merits. They also assessed the merits. They also made clear, as Your Honor points out in Rule 3, that there may be cognizable claims here. What the defendants refer to are specific examples where the courts point out to individual claims that may have lacked a basis in law. But this Court is clear, Andrews v. King consistent with Jones v. Bach, the PLRA speaks as an action as a whole. As the D.C. Circuit said in Thompson v. DEA, whether there is a, quote, strikeable claim within it does not infect the action as a whole. More to the point, Your Honor, what defendants are asking for is a claim, a dismissal in which there is no express reference to the grounds of the PLRA, no functional equivalent. Using the language that this Court has said is what is equivalent to frivolous militia fails to state a claim. But by their overall feeling of the dismissal order, they should impose upon an individual a sanction so severe that it would essentially at some point in time prevent them from pursuing vindication of their constitutional claim. That's the wrong tool to try and get to this. That is the wrong sanction to impose for violations which the Court recognized in Lopez may result from the fact that these guys aren't lawyers. They're not pleaders by trade. And as far as what standard would be imposed, I really don't know what it would be. I mean, there are standards that can be imposed that say use the language or the functional equivalent or the dismissal will not count as a strike. This idea that we're going to sort of get a feeling of what the Court was thinking about when it issued the decision opens Pandora's box of problems that are going to shut down access to courts for prison litigants. That cannot be the right answer, Your Honors. Kennedy. You know, the same question I asked you initially, do you – is it your position that if the Court at the time of dismissal doesn't use the language frivolous X and X and Y and Z, it cannot amount to a strike? I gather that's your position, isn't it? Or the functional equivalent of that. And I caveat that with if the dismissal order is just order dismissed, but the underlying basis for that is a finding of one of those things, then we would agree with the Court's holding in Andrews v. King that, yes, that can constitute a strike. The horrible things you're talking about are not the result here. The only question here is whether you can proceed as a pawpaw or whether you can't. Isn't that it? That's correct, Your Honor. Three times, and then after that, you've got to find another way to do it. But it doesn't mean you can't do it. For prison litigants who would have to pay the filing fees, they are going to be shut down from the ability to access courts because they can't pay that fee. That's not – that's this case, Your Honor. And the First Amendment violation that we talked about, that threat, that will be left unvindicated unless he has the ability to pay, and I don't think he does, Your Honor. That's the harm that's going to result if you adopt the defendant's position. That's why we oppose it. Thank you. Thank you, Your Honors.
judges: Farris, Fernandez, Ikuta